UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| RANDALL HUTCHISON, | : | Case No. 2:25-cv-281 |
| Petitioner, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Kimberly A. Jolson |
| WARDEN, CORRECTIONAL RECEPTION CENTER, | : | |
| Respondent. | : | |

**ORDER AND
REPORT AND RECOMMENDATION**

This 28 U.S.C. § 2254 habeas corpus case is before the Court on motions by Petitioner seeking recusal of the Undersigned, release from custody on bail, discovery, and transfer. (Docs. 45–47, 51–59).

To date, the Court has already denied several similar motions. (*See* Docs. 6, 14, 30). The Court has also stricken multiple duplicative motions. (*See* Docs. 15, 30). Although the Court would likewise generally strike the instant, duplicative motions in an effort to conserve scare judicial resources, the status of the case has changed since Petitioner filed his earlier motions, in that he has now filed an operative Petition (Doc. 29), and Respondent has filed a response (Docs. 48–50). As such, in this instance, the Court will address Petitioner's motions on the merits. But Petitioner is **WARNED** that future, duplicative filings may be stricken from the docket without consideration by the Court.

Before turning to Petitioner's pending motions, however, the Undersigned makes one more observation. On July 29, 2025, Petitioner filed a petition for a writ of mandamus in the Sixth Circuit Court of Appeals. (*See* Doc. 36 (referencing Case No. 25-3585, *In re: Randall Hutchison*)).

Because neither Petitioner nor the Circuit has indicated that the writ application affects this Court's jurisdiction over this habeas case, a case which Petitioner himself initiated, this Court will proceed to adjudicate the matters before it. *See Kerr v. U. S. Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976) (noting that the writ "has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction") (internal quotation marks omitted).

A. **Motion for Recusal (Docs. 45, 56)**

The Court first addresses Petitioner's motions for recusal. (Doc. 45, 56). Judges are bound by the recusal standard set forth in 28 U.S.C. § 455(a), which provides that any United States judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." *Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1079 (6th Cir. 2015) (quoting 28 U.S.C. § 455(a)). Section 455(a) requires a judge to recuse him or herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Id.* (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)) (discussing 28 U.S.C. § 455(a)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Burley v. Gagacki*, 834 F.3d 606, 617 (6th Cir. 2016) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Petitioner has not alleged any facts indicating that the Undersigned's impartiality might reasonably be questioned in this case. Petitioner has alleged no circumstances that create an appearance of bias. Accordingly, disqualification is neither necessary nor appropriate. Petitioner's motions for recusal (Doc. 45, 56) are **DENIED**.

B. Motions for Bail (Docs. 45-46, 51, 53, 57)

Next, the Undersigned turns to Petitioner's motions to be released on bail pending the outcome of his Petition. (*See* Docs. 45–46, 51, 53, 57). A federal court has authority to grant bail to a petitioner in a habeas corpus action pending a decision on the merits of the petition. *Dotson v. Clark*, 900 F.2d 77, 78–79 (6th Cir. 1990). However, in order to be admitted to bail, Petitioner must show a substantial claim of law based on the facts surrounding the Petition, and either a strong probability of success on the merits or the existence of some exceptional circumstances deserving of special treatment in the interest of justice. *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers); *Dotson*, 900 F.2d at 79. Release of a state prisoner pending consideration of the habeas corpus petition is reserved for the extraordinary case. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993), *superseded on other grounds by statute as recognized by*, *Pouncy v. Palmer*, 933 F.3d 461, 465 (6th Cir. 2021). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Id*.

"Before, and during, trial, the accused enjoys a presumption of innocence, and bail is normally granted." *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). However, the presumption fades upon conviction, with the State acquiring a substantial interest in executing its judgment. *Id*. This combination of factors dictates a "formidable barrier" for prisoners seeking interim release while they pursue their collateral remedies. *Id*. Therefore, in the absence of exceptional circumstances, courts will not grant bail prior to final decision on the merits unless the petitioner demonstrates not merely a clear case on the law, but also a clear and readily evident case on the facts. Even where the Court concludes that a petition raises a substantial question of law, "[m]erely

3

to find that there is a substantial question is far from enough." *Lee*, 989 F.2d at 871 (quoting *Glynn*, 470 F.2d at 98).

After review of Petitioner's motions (Docs. 45–46, 51, 53, 57), the Undersigned concludes that Petitioner has not demonstrated exceptional circumstances to justify his release on bail pending a decision on the merits of the Petition. Therefore, the Undersigned **RECOMMENDS** that Petitioner's motions for release on bail (Docs. 45–46, 51, 53, 57) be **DENIED**.

    **C.**    **Motions for Discovery**

The Court next addresses Petitioner's numerous motions for discovery. (Docs. 45–47, 51–59). In them, Petitioner seeks records and testimony from various public entities and officials.

Unlike the typical civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley,* 520 U.S. 899, 904 (1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Discovery is available only at the discretion of the court and for good cause shown. Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts. Habeas Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). "The burden of demonstrating the materiality of the information requested is on the moving party." *Williams*, 380 F.3d at 974 (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Rule 6(a) does not permit a "fishing expedition masquerading as discovery." *Stanford*, 266 F.3d at 460. Additionally, bald assertions are insufficient to show materiality. *Id.*

At this juncture in the proceedings, the Undersigned is not persuaded that the requested

4

discovery is necessary. As an initial matter, Petitioner does not specify with particularity the information he wants or why it is material to his Petition, aside from generally stating that he requires the materials to show his innocence. (*See, e.g.*, Doc. 45, at PageID 217). Further, on October 14, 2025, the Respondent filed the State Court Record (Doc. 48) and the transcript from Petitioner's Change of Plea and Sentencing Hearing (Doc. 49). Respondent also filed a motion to dismiss the Petition as time-barred (Doc. 50). To the extent that the information requested by Petitioner is not part of the record before this Court, Petitioner has not established that it is necessary to the adjudication of the Petition. Should the Court determine at a later time that additional materials are necessary for the adjudication of the Petition, the Court will order production of such materials at that time. Accordingly, Petitioner's motions for discovery (Docs. 45–47, 51–59) are **DENIED**.

### D. Motion to Transfer

Lastly, Petitioner filed a Motion to Transfer. (Doc. 55). In the Motion, the Court understands Petitioner to request that the case be transferred for response to Justices on the United States Supreme Court. Petitioner has provided no authority supporting this request. And given that this is a 28 U.S.C. § 2254 habeas corpus case that is not yet ripe for any form of appeal, the Court finds the request to be frivolous. Accordingly, his Motion to Transfer (Doc. 55) is **DENIED**.

### E. Miscellaneous Matters

Finally, given Petitioner's *pro se* status, he is **REMINDED** that any reply by him to Respondent's motion to dismiss (Doc. 50) is due on or by November 4, 2025. (*See* Doc. 28, at PageID 150) (providing Petitioner with 21 days to file and serve a reply to Respondent's response). Should Petitioner need additional time to reply to Respondent's motion to dismiss (Doc. 50), he **must** file a motion for extension of time.

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motions for bail (Docs. 45–46, 51, 53, 57) be **DENIED.**

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's motions for recusal (Doc. 45, 56) are **DENIED**;

2. Petitioner's motions for discovery (Docs. 45–47, 51–59) are **DENIED**; and

3. Petitioner's motion for transfer (Doc. 55) is **DENIED**.

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date:  October 22, 2025                                              /s/ Kimberly A. Jolson
                                                                                    KIMBERLY A. JOLSON
                                                                                    UNITED STATES MAGISTRATE JUDGE