**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| RANDALL HUTCHISON, | : | Case No. 2:25-cv-281 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, CORRECTIONAL | : | |
| RECEPTION CENTER, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. 29). Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. (*Id.*).

This matter is now before the Court on Respondent's motion to dismiss the case on the grounds that it is time-barred (Doc. 50), to which Petitioner has filed a response in opposition (Doc. 86). The case is also before the Court on various motions filed by Petitioner, including for dismissal of the charges (Doc. 85), release (Docs. 87, 98, 102), discovery (Docs. 94, 96, 103–08), and other miscellaneous relief (Docs. 89, 91). For the reasons that follow, it is recommended that Respondent's motion to dismiss be **GRANTED** and that Petitioner's pending motions be **DENIED as moot**.

## I.      PROCEDURAL HISTORY

### A.      State Convictions and Sentence

On October 18, 2016, after being found competent to stand trial (*see* Doc. 48, Ex. 5), Petitioner, through counsel, entered negotiated pleas of guilty to felonious assault of a police

officer with a firearm specification, improper handling of a firearm in a motor vehicle, violation of a protection order, forgery, and possession of criminal tools.  (Doc. 48, Ex. 17, at PageID 291–92).  On the same date, he also entered, through counsel, an "*Alford*" guilty plea, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to attempted felonious assault with a firearm specification. (*Id*.).  The trial court sentenced Petitioner to an aggregate term of twenty years (six and one half years below the total aggregated possible sentence) to be served consecutively to a federal sentence Petitioner was serving in an unrelated matter.  (Doc. 48, Exs. 17–18).

### B.    Direct Criminal Appeal

Petitioner did not timely appeal.  (*See* Doc. 50, at PageID 1231).  Instead, on October 31, 2016, he filed the first of three pro se motions to withdraw guilty plea.  (Doc. 48, Exs. 19, 21–22). The trial court denied the motions on November 29, 2016.  (*Id*., Ex. 24).  On December 29, 2016, Petitioner, through newly appointed appellate counsel, filed a timely appeal from the denial of his motions.  (*Id*., Ex. 25).  He was also granted leave to file a delayed direct appeal from his convictions.  (*Id*., Ex. 25).  On January 11, 2018, the state appellate court affirmed the trial court in all matters.  (*Id*., Ex. 30).  Petitioner did not seek further review in the Supreme Court of Ohio. (*See* Doc. 50, at PageID 1232).

### C.    Post-Conviction Filings

Between March 1, 2017 and December 17, 2024, Petitioner filed numerous, often duplicative, pro se motions for post-conviction relief and/or other collateral review in the trial court.  (*See* Doc. 50, at PageID 1232–35).  The filings are summarized below.

On March 1 and June 21, 2017, Petitioner filed motions to withdraw his guilty plea, for resentencing, and for release on bail pending appeal.  (*Id*., Exs. 31–32).  On November 15, 2018, he filed a motion to suspend his sentence.  (*Id*., Ex. 33).  Although the record before the Court does

not contain a trial court entry explicitly denying these motions, under Ohio law a motion is presumed denied when a trial court fails to rule on it. *See State v. Olah*, 767 N.E.2d 755, 760 n.2 (Ohio Ct. App. 2001) (and Ohio cases cited therein). The Court therefore presumes that Petitioner's March 1, June 21, and November 15 motions were denied at least by September 13, 2021, when the trial court expressly denied Petitioner's later filed March 18, 2020 motion to withdraw guilty plea. (*See* Doc. 48, Exs. 34, 36). Indeed, by then, the trial court had already rejected three previous motions to withdraw guilty plea and had found, in its November 29, 2016 Order, that Petitioner was "merely experiencing 'buyer's remorse' because he d[id] not like the sentence actually imposed." (*Id*., Ex. 24, at PageID 357). On January 27, 2022, the Ohio Court of Appeals affirmed the September 13, 2021 Order. (*Id*., Ex. 40). Petitioner did not seek further review in the Supreme Court of Ohio. (*See* Doc. 50, at PageID 1233).

Meanwhile, on July 19, 2021, Petitioner filed a motion for post-conviction relief, which also contained a request to withdraw guilty plea. (Doc. 48, Ex. 41). He refiled the motion on January 6, 2022. (*Id*., Ex. 42). Then, on January 24, 2022, Petitioner filed another motion for post-conviction relief. (*Id*., Ex. 43). In an Order dated April 29, 2022, the trial court expressly denied the July 19 and January 6 motions. (*Id*. at Ex. 44). As above, the Court presumes that the January 24, 2022 motion, which alleged falsification of documents (*see id*., Ex. 43, at PageID 1077), an issue already raised in the January 6, 2022 motion (*see id*., Ex. 42, at PageID 861), was also denied at least by April 29, 2022. *See Olah*, 767 N.E.2d at 760 n.2. Petitioner appealed from the April 29, 2022 Order but his appeal was dismissed for want of prosecution on October 7, 2022. (Doc. 48, Ex. 48). Petitioner did not seek further review in the Supreme Court of Ohio. (*See* Doc. 50, at PageID 1234). In the meantime, on August 25, 2022, Petitioner filed a second appeal from the same April Order. (Doc. 48, Ex. 49). The Ohio Court of Appeals dismissed that appeal as

3

untimely on November 2, 2022.  (*Id*., Ex. 51).  As before, Petitioner did not seek further review in state Supreme Court.  (*See* Doc. 50, at PageID 1234).

A few months later, on July 17, 2023, Petitioner filed a motion for leave/findings for discovery.  (*See* Doc. 48, Ex. 58, at PageID 1154).  A few months after that, he filed a January 8, 2024 motion to withdraw his guilty plea, a March 18, 2024 motion to withdraw his guilty plea and to re-file his January 6, 2022 motion, and a November 20, 2024 pleading titled "Newly Discovered Evidence, Actual Innocence."  (*Id*., Exs. 52–54).  On December 12, 2024, the trial court denied the motions.  (*Id*., Ex. 56).  The trial court found that the July 17, 2023 motion was actually an unsupported public records request and that the other motions were improper attempts by Petitioner to seek reconsideration of the court's April 29, 2022 Order denying his previous motions to withdraw guilty plea.  (*Id*. at PageID 1119–20).  Petitioner did not appeal.  (*See* Doc. 50, at PageID 1235).

On December 17, 2024, Petitioner filed a pleading titled "Newly Discovered Evidence, Refile of the January 6, 2022 Motion."  (Doc. 48, Ex. 57).  This motion remained pending at the time Respondent filed the motion to dismiss.  (*See* Doc. 50, at PageID 1235).

**D.      Applications for Writ of Mandamus and/or Prohibition**

Additionally, although not mentioned by Respondent, between January 11, 2021 and January 3, 2023, Petitioner filed four applications in the Supreme Court of Ohio for a writ of mandamus and/or prohibition.  *See* Case Nos. 2021-0046, 2021-1276, 2022-1443, & 2023-0007.  (Viewed at https://www.supremecourt.ohio.gov/Clerk/ecms/#/search (by searching under Petitioner's name)).  This Court may take judicial notice of court records that are available on-line to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).  Each of the four cases sought unspecified relief

4

relating to his underlying convictions.  The fourth (No. 2023-0007) also apparently sought relief relating to alleged prison conditions.  All four applications were dismissed and, in 2023, Petitioner was found to be a vexatious litigator by the Supreme Court of Ohio in Case No. 2023-0007.

## II.      FEDERAL HABEAS PROCEEDINGS

Petitioner filed his initial Petition in this case in March 2025.  In his later filed Amended and Supplemental Amended Petition (Doc. 29), which is the operative Petition (*see* Doc. 28, at PageID 150), Petitioner raises thirty-six grounds for relief:

**GROUND 1:**  Motion to withdraw Guilty Plea

**GROUND 2:**  Hearing Required

**GROUND 3:**  Plain Error Crim. R. 52(b)

**GROUND 4:**  Brady Violation
Crim. R. 16 Violation
Actual Innocence
Newly Discovered Evidence

**GROUND 5**:  Full and Complete Defense

**GROUND 6:**  Motion to Suppress Crim. R. 52(b)

**GROUND 7**:  Judicial Bias Crim. R. 52(b)

**GROUND 8**:  Prosecutorial Misconduct, Plain Error

**GROUND 9:**  Conflict Free Assistance of Counsel Plain Error

**GROUND 10**:Speedy Trial Violation

**GROUND 11**:Incompetency

**GROUND 12**:Threats or Promises

**GROUND 13**:Lack of Presence Crim. R. 10

**GROUND 14**:Quash Indictment

**GROUND 15**:Res Judicata

**GROUND 16**: Post-Conviction Relief 2953.21
        Newly Discovered Evidence

**GROUND 17**:Motion to Withdraw guilty plea 32.1

**GROUND 18**:Amend Conflict Free Counsel

**GROUND 19**:Findings of Facts and Conclusion Crim. R. 52(b)

**GROUND 20**:Dismiss Indictment Perjured Testimony

**GROUND 21**:Post-Conviction Relief 2953.21

**GROUND 22**:Motion for Discovery

**GROUND 23**:Motion for Finding of Facts and Conclusion

**GROUND 24**:Amend Post-Conviction Relief 2953.27
        Motion for Discovery

**GROUND 25**:Motion for Discovery

**GROUND 26**:Amend Ct. Add Judicial Bias

**GROUND 27**:Amend Brady Violation

**GROUND 28**:Amend Prosecutorial Misconduct
        Conflict Free Assistance of counsel

**GROUND 29**: Conflict Free Assistance

**GROUND 30**: Threats

**GROUND 31**: Police Misconduct

**GROUND 32**: Newly Discovered Evidence
        Motion to Withdraw Guilty Plea
        Actual Innocence

**GROUND 33**: Amend Threats

**GROUND 34**: Police Misconduct

**GROUND 35**: Res Judicata

**GROUND 36**: Allied Offenses

(*See* Doc. 29, at PageID 152) (incorporating, by reference, the assignments of error raised in Petitioner's January 6, 2022 state-court motion to withdraw his guilty plea).

### III. THE MOTION TO DISMISS (DOC. 50) SHOULD BE GRANTED BECAUSE THE PETITION (DOC. 29) IS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review.

There is no evidence in the record to suggest that the provisions set forth in § 2244(d)(1)(B) and (C) apply to Petitioner's grounds for relief. Petitioner has not alleged that a state-created impediment prevented him from filing the instant Petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, given that Petitioner relies on assignments of error raised in the state courts in January 2022 for his grounds for relief in this Court, it is clear that the factual predicates for his claims were either known or discoverable though the exercise of due diligence at least by that time. Because the

7

Court concludes, for the reasons below, that the statute of limitations was tolled in this case until November 22, 2022 (ten months after Petitioner filed the January motion), he would not gain any additional time, even if he were given the benefit of a later limitations starting date pursuant to § 2244(d)(1)(D).  For the sake of completeness, however, the Court will consider the provisions in both §§ 2244(d)(1)(A) and 2244(d)(1)(B) in evaluating Respondent's motion to dismiss.

### A.     28 U.S.C. § 2244(d)(1)(A)

Under § 2244(d)(1)(A), Petitioner's convictions became final on February 26, 2018, upon expiration of the forty-five day period for filing an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' January 11, 2018, denial of his delayed direct appeal.  *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i); *Gonzalez v. Thaler*, 565 U.S. 134, 149-52 (2012) (holding that because the petitioner did not appeal to the State's highest court, his conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").[1]  The statute commenced running on February 27, 2018, the next business day after Petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on February 27, 2019, absent the application of statutory or equitable tolling principles.  Here, statutory tolling does not assist Petitioner.  Nor, as explained below, does equitable tolling.

During the one-year limitations period, Petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  See 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida*, 560 U.S. 631, 635 (2010); *Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam); *Vroman v.*

---

[1]The forty-five day deadline for submitting a timely appeal to the Supreme Court of Ohio expired on Sunday, February 25, 2018.  Petitioner had until the next business day (Monday, February 26, 2018) to file a timely appeal.  *See* Ohio S. Ct. Prac. R. 3.03(A)(1).

*Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id*.

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen*, 552 U.S. at 5–6 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)); *Vroman*, 346 F.3d at 603.

Here, Respondent suggests two alternate timelines for the Petition. Because the first timeline begins with Petitioner's March 18, 2020 motion, and fails to account for any tolling effect from his earlier filed March 1 and June 21, 2017 motions (*see* Doc. 50, at 1240), the Court in an abundance of caution turns to Respondent's alternative timeline, which more clearly considers Petitioner's post-conviction filings. Under that timeline, Respondent asserts that the one-year limitations period would have been tolled, at the latest, until November 2, 2022, and then would have run uninterrupted until it expired in November 2023, well over a year before Petitioner filed his habeas Petition. (*See* Doc. 50, at PageID 1241, n. 5). With a minor tweak to the November 2 date posited by Respondent (as noted above, the Court finds that the limitations period would actually have been tolled until November 22, 2022) the Court is persuaded by Respondent's alternative argument.

9

As an initial matter, the Court presumes, in Petitioner's favor, that the statute of limitations was tolled on February 26, 2018 (the date Petitioner's conviction became final) by Petitioner's then-pending March 1, 2017 motion to withdraw his guilty plea and his June 21, 2017 motion for resentencing.  (Doc. 48, Exs. 31–32).  As both those motions appear to have been filed before the deadline expired for filing post-conviction motions (*i.e.* within 365 days after the filing on March 17, 2017, of the transcript in Petitioner's delayed direct appeal (*see* Doc. 48, Ex. 58, at PageID 1149)) they seemingly would have tolled the running of the limitations period.  *See* Ohio Rev. Code § 2953.21(A)(2).  These motions then remained pending, at the latest, until September 13, 2021, when they were implicitly denied by the trial court.  *See Olah*, 767 N.E.2d at 760 n.2.  It follows that any tolling effect would have ended by March 13, 2022, one day after the 45-day period expired for filing a timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' January 27, 2022 decision affirming the September 13, 2021 Order.  *See Holbrook v. Curtin*, 833 F.3d 612, 615–19 (6th Cir. 2016) (holding that the term "pending" for statutory tolling purposes includes the time in which the petitioner could have pursued a further appeal from the denial of post-conviction relief in the state courts); *Harper v. Warden*, No. 2:14cv1220, 2015 WL 3867262, *8 & n.3 (S.D. Ohio June 23, 2015) (Report & Recommendation) (and numerous cases therein) (taking into account for statutory tolling purposes the forty-five day period for seeking leave to appeal a state post-conviction ruling to the Ohio Supreme Court), *adopted*, 2015 WL 4538566 (S.D. Ohio July 27, 2016).  *See also* Ohio S. Ct. Prac. R. 3.03(A)(1).

Nonetheless, the limitations period did not begin to run on March 13, 2022.  Rather, it remained tolled by Petitioner's then pending July 19, 2021 and January 6, 2022 motions.  To be sure, the trial court found these motions sought untimely post-conviction relief, which would not have had a tolling effect.  *See Allen*, 552 U.S. at 5–6.  But the trial court also found that the motions

raised arguments concerning Petitioner's guilty pleas, which were denied on April 29, 2022, on *res judicata* grounds. (Doc. 48, Ex. 44, at PageID 1083–84). "[A] post-conviction petition denied as barred under Ohio's doctrine *res judicata* may toll the running of the statute of limitations." *Agbor v. Warden*, No. 2:15-CV-02236, 2016 WL 614575, at *4 (S.D. Ohio Feb. 16, 2016), *report and recommendation adopted*, No. 2:15-CV-02236, 2016 WL 865692 (S.D. Ohio Mar. 7, 2016). The Court therefore presumes that the July 19 and January 6 motions were properly filed. *See id.*

As such, these motions would have tolled the limitations period, at the latest, until November 22, 2022, one day after the forty-five day period expired for filing a timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' entry dismissing Petitioner's appeal from the April 29, 2022 Order for want of prosecution. (Doc. 48, Ex. 48). *See Holbrook*, 833 F.3d at 615–19; Ohio S. Ct. Prac. R. 3.03(A)(1). Because the Ohio Court of Appeals dismissed Petitioner's second appeal from the April 29, 2022 Order as untimely on November 2, 2022 (Doc. 48, Ex. 51), that entry would not provide any further tolling effect. *See Padilla v. Warden, Chillicothe Corr. Inst.*, No. 1:15-CV-448, 2016 WL 889567, at *4 (S.D. Ohio Feb. 10, 2016), *report and recommendation adopted*, 2016 WL 879994 (S.D. Ohio Mar. 8, 2016).

The same is true for Petitioner's remaining filings. Petitioner's applications to the Supreme Court of Ohio for a writ of mandamus and/or prohibition did not constitute "properly filed" motions for post-conviction relief. *See Fears v. Warden*, No. 1:16-CV-805, 2017 WL 3987713, at *10 (S.D. Ohio Aug. 2, 2017) (citing cases), *report and recommendation adopted*, 2017 WL 3965681 (S.D. Ohio Sept. 8, 2017). Nor did Petitioner's July 17, 2023 motion for leave/findings for discovery. As noted in a finding that Petitioner did not appeal, and is now barred from doing so "because Ohio does not permit delayed appeals in post-conviction proceedings," *Nesser v.*

11

*Wolfe*, 370 F. App'x 665, 670 (6th Cir. 2010), the trial court found that the July 17, 2023 motion was an improper public records request under Ohio Rev. Code § 149.43. (Doc. 48, Ex. 56, at PageID 1119–20). "[A] public records request and litigation concerning the same is not a collateral attack and is irrelevant to a time limitation calculation." *Williams v. Sec'y, Dept. of Corr.*, No. 8:07-CV-458, 2009 WL 1046131, at *2 (M.D. Fla. Apr. 20, 2009). The limitations period therefore would have continued running until it expired on November 22, 2023. Neither Petitioner's January 8, 2024, motion nor any subsequent filings (*see* Doc. 48, Exs. 52–54) could have revived it. *See Vroman*, 346 F.3d at 602.

## B.     28 U.S.C. § 2244(d)(1)(B)

Under § 2244(d)(1)(B), the statute of limitations began to run, at the latest, on January 6, 2022, when Petitioner filed the state-court motion on which he relies for the grounds in his Petition. (*See* Doc. 29, at PageID 152). As with § 2244(d)(1)(A), statutory tolling does not assist Petitioner. And, as explained below, equitable tolling fares no better.

Here, after being briefly tolled during the pendency of the January 6 motion, *see Agbor*, 2016 WL 614575, at *4, the statute of limitations began to run again by November 22, 2022, when the time expired for Petitioner to seek further review in the Supreme Court of Ohio from the dismissal of his first appeal from the April 20, 2022 Order. *See Holbrook*, 833 F.3d at 615–19. As previously noted, the statute would then have continued to run uninterrupted from November 22, 2022 to November 22, 2023. Therefore, even giving Petitioner the benefit of the later commencement of the statute of limitations under § 2241(d)(1)(B), his Petition would be untimely.

## C.     No Basis for Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from

12

circumstances beyond the litigant's control." *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418.

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, Petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether Petitioner was diligent in pursuing federal habeas relief. In this case, Petitioner waited over 2560 days to file his habeas Petition after his conviction and sentence became final. Accordingly, Petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman*, 346 F.3d at 605 (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, Petitioner has not demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the Petition is time-barred.

In so finding, the Court is aware that Petitioner has undergone a competency evaluation in an unrelated criminal matter during the course of the past year. (*See* Doc. 13, at PageID 68). The Sixth Circuit has cautioned, however, that "[i]llness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005). *See also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (mental incompetence is not a *per se* reason to toll

a statute of limitations).  Petitioner fails to satisfy this standard.  Although he failed to file a timely habeas Petition, Petitioner continued to pursue his claims in the state trial and supreme courts during the limitations period.  There is simply no reason to find that Petitioner was unable to file a timely habeas petition in this case.

### D.   No Basis for Actual Innocence Exception

Additionally, Petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence.  "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'"  *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  No such showing has been made in this case.

### IT IS THEREFORE RECOMMENDED THAT:

1.   Respondent's motion to dismiss (Doc. 50) be **GRANTED** and Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 29) be **DISMISSED** with prejudice.

2.   In light of the above recommendation, Petitioner's pending motions (Docs. 85, 87, 89, 91, 94, 96, 98, 102–08) be **DENIED as moot**.

3.   A certificate of appealability should not issue because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[2]

---

[2]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack*, 529 U.S. at 484.

4.      With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).


July 20, 2026                                                    *s/Kimberly A. Jolson*
                                                                 KIMBERLY A. JOLSON
                                                                 United States Magistrate Judge


## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Berkshire v. Dahl*, 928 F.3d 520,

530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).